NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CASSANDRA YOUNG, | Civil Action No.: 18-2338 (CCC) |
| Plaintiff, | |
| v. | OPINION |
| UNITED STATES, | |
| Defendant. | |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on the United States of America's (the "Government") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 6). Plaintiff Cassandra Young ("Plaintiff") opposes this motion (ECF No. 13 ("Pl.'s Opp'n")) and the Government has filed a reply (ECF No. 14 ("Reply")). The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants the Government's motion.

## II. BACKGROUND

On May 16, 2016, Plaintiff visited a United States Post Office located at 194 Ward Street in the City of Paterson, New Jersey. Compl. ¶6. During her visit, Plaintiff alleges that she was

1

exposed to a dangerous condition that caused Plaintiff serious bodily harm. Id. ¶¶ 7, 9. Plaintiff further contends that her injuries were caused by the Government's negligence. Id. ¶ 8.

Plaintiff sent correspondence to the Government, dated August 3, 2016, enclosing a Notice of Claim for Damages in compliance with the Federal Tort Claims Act ("FTCA").[1] Id. ¶ 5. The United States Postal Service ("USPS") received Plaintiff's letter and the enclosed claim on August 9, 2016. Government's Answer ("Ans.") ¶ 5, Ex. 1.[2] By letter dated February 2, 2017, the USPS

---

[1] Plaintiff argues that she initially submitted her claim letter on August 1, 2016. Upon review, the Court finds that the August 1, 2016 claim did not contain a sum certain. Ans., Ex. 1; Reply at 2. Pursuant to the FTCA, Plaintiff is required to submit a sum certain request for damages. 28 U.S.C. § 2675(a), (b); 28 C.F.R. § 14.2(a); *see also White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 460 (3d Cir. 2010) ("In the absence of a demand for a sum certain jurisdiction is lacking, and the District Court properly dismissed [Plaintiff's] claim.") Accordingly, Plaintiff's second claim letter, submitted on August 3, 2016 and containing a sum certain will be deemed as the operative claim for purposes of this Opinion.

[2] Plaintiff did not include copies of her claim letter to the USPS nor did she include a copy of USPS's denial in connection with her claim as attachments to her complaint. However, Rule 10(c) provides that "a copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c). It is permissible for a defendant to attach exhibits to its answer to the complaint under the Rule 10(c). *See Barnard v. Lackawanna County*, 696 F. App'x 59, 60-61 (3d Cir. 2017) (holding that the district court properly considered exhibits attached to the answer in ruling on a motion for judgment on the pleadings because the exhibits concisely set out the parties' respective rights and the record of the underlying dispute, and the exhibits were "documentary evidence" constituting "written instruments" of the kind contemplated by Rule 10(c)); *see also Rose v. Bartle*, 871 F.2d 331, 340 n.3 (3d Cir. 1989) ( "[T]he types of exhibits incorporated within the pleadings by Rule 10(c) consist largely of documentary evidence, specifically, contracts, notes and other "writing[s] on which [a party's] action or defense is based.") (citation omitted). As such, this Court will consider any exhibits to the pleadings in the instant case as part of the pleadings in deciding the instant motion.

denied Plaintiff's claim. Ans. ¶ 5, Ex. 3. On February 20, 2018, the Plaintiff filed her Complaint. ECF No. 1.

## III. LEGAL STANDARD

A motion for judgment on the pleadings "will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to a judgment as a matter of law." *See Rosenau v. Uniford Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). The Court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* At the same time, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Bayer Chemicals Corp. v. Albermarle Corp.*, 171 F. App'x 392, 397 (3d Cir. 2006) (internal citation and quotation marks omitted).

## IV. DISCUSSION

The Government argues that Plaintiff's FTCA claim is barred by the FTCA's six-month statute of limitations and that Plaintiff is not entitled to equitable tolling of her claims. The Court agrees. Accordingly, the Court grants the Government's motion for judgment on the pleadings.

### A. Plaintiff failed to satisfy the FTCA's six-month statute of limitations

An action against the United States under the FTCA must meet two limitations periods: "(1) a claim must be submitted to the appropriate federal agency within two years from the accrual date and (2) if denied through the agency's administrative claim process, a party has six months to file suit." *Sconiers v. United States Postal Serv.*, No. 17-1835, 2017 WL 4790388, at *2 (D.N.J. Oct. 24, 2017), *aff'd sub nom. Sconiers v. United States*, 896 F.3d 595 (3d Cir. 2018). The FTCA's requirement that a claimant file a suit within six months of the agency's denial of an administrative claim is entitled to strict construction. *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d

3

Cir. 2010); *see also Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) (noting that the "mandatory language" of the FTCA has been given "strict construction").

In this case, the Plaintiff submitted an administrative tort claim to the Postal Service in August 2016. Compl. ¶ 5. The Postal Service denied the Plaintiff's claim on February 2, 2017. *See* Ans. ¶ 5, Ex. 3. Therefore, the Plaintiff had until August 2, 2017 to file a lawsuit against the United States in an appropriate federal district court, six months from the date the Postal Service denied her claim. *See* 28 U.S.C. § 2401(b). Plaintiff did not file her complaint until February 20, 2018. Thus, the Plaintiff failed to satisfy the FTCA's six-month limitations provision.

The Court reiterates that "[b]ecause the Federal Tort Claims Act constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." *White-Squire*, 592 F.3d at 456 (3d Cir. 2010) (quoting *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989)). Accordingly, the Court finds that because Plaintiff filed this action after the FTCA's statute of limitations expired, her claim is now barred. 28 U.S.C. § 2401(b).

### B. The Doctrine of Equitable Tolling does not apply

Plaintiff further argues that she is entitled to equitable tolling because the USPS failed to issue a denial within six months of receiving Plaintiff's claim and therefore should be estopped from asserting the requirements of the FTCA. Pl.'s Opp'n. at 1. The Third Circuit has described three instances that warrant equitable tolling: (1) if the defendant "actively misled the plaintiff" as to her claim; (2) if "the plaintiff in some extraordinary way" was prohibited in declaring her rights; or (3) if the plaintiff "timely asserted . . . her rights mistakenly in the wrong forum." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (citations omitted).

Plaintiff's argument assumes that the FTCA imposes certain deadlines on the Government, but under the plain language of 28 U.S.C. § 2401(b) Plaintiff's argument is without merit. Section 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The language of Section 2401(b) imposes deadlines only on the FTCA claimant, not on the United States. In addition, the provisions of 28 U.S.C. § 2675 that address disposition of a tort claim by a federal agency as a prerequisite to filing a lawsuit against the United States further demonstrate that Congress did not impose a mandatory deadline on the Government to adjudicate tort claims. Section 2675 provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death . . ., unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675. Congress gave FTCA claimants the option to deem the failure to make a final disposition of a claim within six months a denial of that claim and thereby enable the claimant to file a lawsuit, but Section 2675 does not mandate that federal agencies adjudicate administrative tort claims within six months and it does not prohibit federal agencies from adjudicating claims outside of the six-month period that claimants must allow for federal agencies to consider FTCA claims. *See Lehman v. United States*, 154 F.3d 1010, 1015 (9th Cir. 1998) ("[N]either the passage of six months from the presentation of a tort claim to an agency nor the claimant's filing of an

action under the 'deemed denied' provision of 28 U.S.C. § 2675(a) terminates or suspends the agency's authority to issue a written notice of final denial of the claim.").

Furthermore, Plaintiff's opposition lacks any evidence in support of Plaintiff's equitable tolling argument. First, Plaintiff lacks any evidence showing that the USPS misled Plaintiff as to the six-month limitations period in its administrative adjudication process. Ans. ¶ 5, Ex. 3. Second, Plaintiff has not alleged or provided any proof of any extraordinary circumstances that prohibited Plaintiff from declaring her rights. Finally, Plaintiff has not, and cannot, argue that she asserted her rights in an improper forum and thus should be entitled to equitable tolling. Plaintiff filed her claim with the appropriate federal agency, received the USPS letter in February 2017 and then waited to file suit on February 20, 2018, more than one year after receipt of USPS's claim denial decision and six months past the six-month statute of limitations that barred the claim. Pl.'s Opp'n at 1. Accordingly, Plaintiff has failed to provide any facts or arguments warranting equitable tolling in this case. *See Santos ex rel. Beato*, 559 F.3d at 197 (3d Cir. 2009) (Equitable tolling is only applicable where "the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.")

The Court finds that there is no genuine dispute of material facts as to the mailing dates of the USPS's correspondence, its claim decision, and Plaintiff filing suit more than six months after receiving a final agency decision. Moreover, Plaintiff has failed to show that equitable tolling should apply here under any of the three circumstances discussed above. Thus, Plaintiff's FTCA claim must be dismissed as untimely.

## V. CONCLUSION

For the reasons set forth above, the Government's motion for judgment on the pleadings is GRANTED and Plaintiff's Complaint is hereby DISMISSED WITHOUT PREJUDICE. An appropriate Order accompanies this Opinion.

Dated: July 31, 2019

**CLAIRE C. CECCHI, U.S.D.J.**